IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 16, 2006

### STATE OF TENNESSEE v. RITA LYNN NEFF

**Appeal from the Criminal Court for Sullivan County**
**Nos. S38,504, S39,988, S39,989, S40,798     R. Jerry Beck, Judge**

---

**No. E2005-01622-CCA-R3-CD - Filed June 20, 2006**

---

The Defendant, Rita Lynn Neff, appeals from the order of the trial court revoking her probation and ordering that her effective eight-year sentence be served in the Department of Correction. On appeal, the Defendant argues that the trial court abused its discretion by revoking her probation and ordering that her sentences be served in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Joseph F. Harrison, Assistant Public Defender, Bountville, Tennessee, for the appellant, Rita Lynn Neff.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; Greeley Wells, District Attorney General; and James Goodwin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 27, 1998, pursuant to a plea agreement, the Defendant entered guilty pleas to several charges: (1) five counts of fraudulently obtaining food coupons, each a Class E felony and each resulting in a two-year sentence; (2) one count of uttering a forged instrument, a Class D felony, resulting in a sentence of four years; (3) one count of possession of marijuana for resale, a Class D felony, resulting in a sentence of two years; (4) one count of possession of drug paraphernalia, a Class A misdemeanor, resulting in a sentence of eleven months and twenty-nine days; and (5) one count of hindering a secured creditor, a Class E felony, resulting in a sentence of two years. The four-year sentence and three of the two-year sentences were ordered to be served consecutively for an effective sentence of ten years to be served on intensive probation. The Defendant was ordered to pay a total of four thousand, seven hundred eighty-three dollars and eighty-one cents in restitution

and was ordered to perform twelve hundred hours of community service work. She was fined seven thousand, seven hundred and fifty dollars, but the fines were suspended by the trial court.

On March 12, 2001, a probation violation warrant was issued and served upon the Defendant alleging that she had failed to report to her probation officer as ordered, failed to pay her supervisory fees and failed to make restitution payments as ordered. By order entered July 23, 2001, the trial court found that the Defendant had violated her probation by failing to report to her probation officer as ordered. The court ordered that probation for one of her two-year sentences be revoked and that she serve that sentence in jail. Following service of this sentence, the balance of her effective eight-year sentence was to be served on intensive probation. By order entered on June 28, 2002, the Defendant was transferred from intensive probation to regular probation.

On May 30, 2003, a probation violation warrant was issued against the Defendant alleging that she had again violated the conditions of her probation by not reporting to her probation officer as instructed, by not maintaining a lawful occupation, by not performing community service work as ordered, and by not paying restitution as ordered. This warrant was not served upon the Defendant until February 9, 2005. On March 17, 2005, an additional probation violation warrant was issued alleging that the Defendant had failed to report to her probation officer as ordered from approximately May 8, 2003 until March 3, 2005. This probation violation warrant also alleged that the Defendant's whereabouts were unknown during this period of time. This warrant was served on the Defendant on May 18, 2005.

On June 23, 2005, a probation violation hearing was conducted upon the two probation violation warrants. At this hearing, Defendant's attorney stated that the Defendant pled guilty to the charges of violating her probation but intended to offer proof of mitigation. In response to questioning from the court, the Defendant stipulated and agreed that she had violated the terms of her probation as set forth in the warrants. At the conclusion of the hearing, the trial court found "no mitigation." By order entered June 27, 2005, the trial court found that the Defendant had violated the terms of her probation by failing to work at a lawful occupation, failing to report (absconding), failing to pay restitution, and failing to complete community service work. The court ordered that the Defendant's probation be revoked and her effective eight-year sentence be served in the Department of Correction. It is from the order of the trial court revoking her probation and ordering her sentences to be served in the Department of Correction that the Defendant appeals.

A trial judge is vested with the discretionary authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his or her probation. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

When a probation revocation is challenged, the appellate courts have a limited scope of review. This Court will not overturn a trial court's revocation of a defendant's probation absent an

abuse of discretion.  See Shaffer, 45 S.W.3d at 554.  For an appellate court to be warranted in finding that a trial judge abused his or her discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred."  Id.

At the beginning of the probation revocation hearing, the Defendant stipulated that the facts contained in the affidavits of the probation violation warrants dated May 30, 2003 and March 17, 2005 were "true and correct."  She entered pleas of guilty to the violation warrants.  In mitigation, the Defendant testified that she had significant health problems which contributed to her being unable to comply with the terms of her probation.  She testified that she suffered from diabetes and that because of her illness there were times she was unable to work or report to her probation officer.  She admitted that she stopped reporting to her probation officer when she found out a violation warrant had been issued against her.  She testified that she was afraid if she was arrested she would not be released on bond and she wanted to try and get her medical problems taken care of before she went to jail.  She told the court that her medical condition had improved and that she had her "blood sugar under control."  She asked the court to give her another chance.

At the conclusion of the probation revocation hearing, the trial court found that the Defendant was entitled to "no mitigation."  The trial court thus ordered that the Defendant's probation be revoked and her eight-year sentence be served in the Department of Correction.

On appeal, the Defendant argues that the trial court abused its discretion by revoking her probation and ordering her to serve her sentences in confinement.  She argues that her ability to perform according to the terms of her probation was adversely impacted by her unstable health.  In her brief, the Defendant concedes that she was "in error" for not continuing to report to her probation officer, but she argues that the trial court abused its discretion by failing to give proper weight to the mitigating factors presented.

It is apparent that this record supports the finding of the trial court that the Defendant violated the conditions of her probation.  In our view, when the Defendant pled guilty to the charges of violating her probation, specifically stipulating and agreeing that she had violated the terms of her probation as set forth in the warrants, this was sufficient to support the finding of the trial court that a violation of the conditions of probation had occurred.  The primary argument of the Defendant on appeal is that the trial judge abused his discretion by failing to give proper weight to the mitigating factor of the Defendant's health issues.  The trial court, as fact finder, determines the credibility of the witnesses.  In this case, the trial court found "no mitigation."  It is apparent that the trial court gave no credibility to the Defendant's explanation.  We will not disturb that finding.

This was not the first time that the Defendant was found to be in violation of her probation.  Indeed, the trial court had previously required her to serve one of her sentences in jail because she violated the terms of her probation.  After receiving the opportunity to serve the balance of her sentences on probation, the Defendant again violated the terms of her probation.  Under these

circumstances and based upon our review of the entire record, we are unable to conclude that the trial court erred or abused its discretion by revoking the Defendant's probation and ordering that her sentences be served in the Department of Correction.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE